UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-21355-CV-ALTMAN
MAGISTRATE JUDGE REID

RODOLPH MOMPREMIER,

    Plaintiff,

v.

S&S MANAGEMENT GROUP, LLC,

    Defendant.

_____/

## REPORT OF MAGISTRATE JUDGE

This matter is before the Court pursuant to the Parties' Joint Motion to Dismiss with Prejudice and for Approval of Settlement (the "Motion"). [ECF No. 25]. This matter was referred to the Undersigned to conduct a fairness hearing and issue a Report and Recommendation on any dispositive matters. [ECF No. 26]. The parties attached to the Motion a copy of the executed Settlement Agreement. [ECF No. 25-1]. Having conducted the fairness hearing and considered the terms of the Settlement Agreement and the pertinent portions of the record, this Court recommends that the Motion be **GRANTED,** and this case be **DISMISSED** with prejudice, as further detailed below.

This case involves claims for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"). In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn Food Stores v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). A settlement entered into in an adversarial context where both sides are represented by counsel throughout litigation "is more

1

likely to reflect a reasonable compromise of disputed issues." *Id.* The district court may approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.* at 1354.

In this case, both Parties were represented by counsel. Specifically, counsel for Plaintiff has been practicing law for twenty years and has focused his practice on employment matters for the last eight years. Counsel for Defendant has been practicing law for thirty years and is Florida Bar Board Certified in labor and employment law. Further, the terms of the settlement agreement, including the amount to be received by Plaintiff and the attorneys' fees and costs, appear to be reasonable. In fact, Plaintiff is receiving the total amount that he requested, $2,767.50—half of which is allocated to unpaid wages and the other half to liquidated damages. Plaintiff's Counsel will receive $1,000.00 for attorneys' fees and costs. Thus, this Court finds that the compromise reached by the parties is a fair and reasonable resolution of the parties' bona fide disputes.

Accordingly, it is recommended that the Parties' Motion, [ECF No. 25], be **GRANTED**, the Parties' Settlement Agreement be **APPROVED**, and this action, in its entirety, be **DISMISSED** with prejudice.

DONE AND ORDERED in chambers, at Miami, Florida on this 4th day of August 2021.

                                              LISETTE M. REID
                                              UNITED STATES MAGISTRATE JUDGE

cc:    **All Counsel of Record**