UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-21355-CIV-ALTMAN/Reid

**RODOLPH MOMPREMIER**,

    *Plaintiff*,

v.

**S&S MANAGEMENT GROUP LLC**,

    *Defendant*.

_____/

## ORDER

On July 15, 2021, the parties filed a Joint Motion to Approve Settlement [ECF No. 25] (the "Motion"). On September 8, 2021, U.S. Magistrate Judge Lisette M. Reid issued a Report and Recommendation [ECF No. 33] (the "R&R"), finding that the Settlement Agreement "is a fair and reasonable resolution of the parties' bona fide disputes" and recommending that this Court (1) grant the Parties' Joint Motion for Approval of Settlement Agreement, (2) approve the Parties' Settlement Agreement, and (3) dismiss this action with prejudice. R&R at 2. "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file written objections to the proposed findings and recommendation." FED. R. CIV. P. 72(b)(2). We are far past that 14-day deadline, and neither side has objected.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only when objections have been properly filed—and not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress

intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The Court has reviewed the R&R, the Complaint, the record, and the applicable law and finds no clear error in the R&R. Accordingly, the Court hereby

**ORDERS AND ADJUDGES** as follows:

1. The R&R [ECF No. 33] is **ADOPTED**.
2. The Joint Motion for Settlement [ECF No. 25] is **GRANTED**.
3. The Settlement Agreement [ECF No. 25-1] is **APPROVED**.
4. This case is **DISMISSED with prejudice**, with each party to bear its own costs and fees, except as otherwise agreed.
5. All other pending motions are **DENIED as moot**. Any pending deadlines and hearings are **TERMINATED**.
6. The Court retains jurisdiction for 30 days to enforce the terms of the Settlement Agreement.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 1st day of October 2021.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record